RUTHERFORD v. JOHNSON.

1. PLEADING—FORECLOSURE.—The complaint held to sufficiently state the facts necessary to sustain the foreclosure of a mortgage after death of mortgagor.

2. DEMURRER — PLEADINGS — MOTION TO MAKE PLEADINGS MORE DEFINITE—FORECLOSURE—REMEDY.—If in a foreclosure suit the allegations as to conditions of mortgage, intestacy of mortgagor, and distributees are not sufficiently definite, the remedy is by motion to make the complaint more definite and certain, and not demurrer.

Before BENET, J., Barnwell, July, 1896. Affirmed.

Action in foreclosure by W. J. Rutherford & Co. against

Sarah D. Johnson.   Defendant demurred.   Demurrer over-ruled.   Defendant appealed.

*Messrs. Bellinger*, *Townsend* and *O'Bannon*, for appellant, cite: 9 S. E. R., 802; 27 Conn., 560; 30 Pac. Rep., 734; 65 Ill., 29; 59 Col., 538; 64 How. Pr., 138; 12 Kan., 223; 24 N. E. R., 791; 25 N. E. R., 377.

*Messrs. Bates & Sims*, contra, cite: 15 S. E. R., 252; 27 S. C., 107; 39 S. C., 436.

June 29, 1897.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.   Inasmuch as the question presented by this appeal arises under a demurrer to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action, it will be necessary to state, substantially, the allegations of the complaint.   In the first paragraph, the partnership of the plaintiffs is alleged. In the second paragraph, the allegation is that, on the 20th day of September, 1894, one David E. Johnson executed to the plaintiffs his note in writing, whereby he promised to pay to them a specified sum of money, with interest from the date of said note at the rate of seven per centum per annum.   In the third paragraph, it is alleged that the said David E. Johnson, on the 20th day of September, 1894, "to secure the payment of said note, executed and delivered to the plaintiffs his deed, and thereby conveyed by way of mortgage to the plaintiffs the following lands and tenements"—describing the same particularly.   In the fourth paragraph, the allegation is that said mortgage was duly recorded on the 5th of October, 1894.   The fifth allegation is that said David E. Johnson, on the     day of      1895, departed this life, "leaving as his sole heir and distributee at law, the defendant, Sarah D. Johnson."   The sixth paragraph contains allegations of the payment of taxes on the land covered by the mortgage, and of insurance on the building thereon, which are not pertinent to the questions raised by this appeal.   The seventh paragraph contains the

following allegations: "That the conditions of the said note and mortgage have been broken, and there remains due and unpaid upon said note and mortgage the sum of $942 (the amount specified in the said note), with interest from 20th day of September, A. D. 1894, at the rate of seven per cent. per annum," together with the amount stipulated for counsel's fees and the amounts paid for taxes and insurance. The prayer for judgment is, "that the said mortgage be foreclosed and the equity of redemption barred, the premises ordered to be sold, and the proceeds applied to the payment of the said debt and the costs and disbursements of this action;" but no judgment is demanded against defendant for any deficiency that may remain after the proceeds of sale have been applied to said debt and costs.

The specifications upon which the demurrer rests are as follows: 1st. That the complaint fails to set forth "the condition contained in the deed mentioned in paragraph 3 of said complaint." 2d. That the complaint fails to allege "whether said David E. Johnson departed this life testate or intestate." 3d. That the complaint fails to set forth "any facts showing defendant to be the sole heir at law and distributee at law of said David E. Johnson, as alleged in the fifth paragraph of said complaint."

This demurrer was overruled by his Honor, Judge Benet, in a short order, with leave "to the defendant to serve his answer within twenty days from the date of this order."

From this order the defendant appeals, substantially upon the same grounds as those upon which the demurrer was based. We concur fully in the view taken by the Circuit Judge. Indeed, any other view would tend to defeat the declared object of the framers of the Constitution of 1868, which, in sec. 3 of art. V., expressly required that the rules of practice, pleading, and forms then in use in the Courts of this State should be revised, *simplified*, and abridged, in accordance with which the requirement of the Code of Procedure was adopted, the main object of which was to dispense with unnecessary technicalities,

which tended to delay and defeat the administration of justice, by requiring only a simple statement of the facts upon which a party to an action based his claim or defense. Looking at the complaint in this case in this light, we cannot doubt that the defendant would have no difficulty in readily understanding the grounds upon which the plaintiffs sought to subject the land in question to the satisfaction of a lien which had been placed upon it by her ancestor. The demurrer, of course, admits the facts alleged in the complaint; and if it be true, as alleged, that the said David E. Johnson executed his note to the plaintiffs for the amount therein stated, and, to secure the payment thereof, executed his deed by way of mortgage, and if it be true, as alleged, that no part of said amount has ever been paid, it follows, necessarily, that the plaintiffs have a right to subject the land covered by the mortgage to the payment of their debt. So, if it be true, as alleged, that the said David E. Johnson departed this life before the commencement of this action, and that the land covered by the mortgage has descended to the defendant, as his sole heir at law and distributee, it follows that the defendant is the only necessary party to this action, in which judgment of foreclosure and sale only are demanded (see *Wright* v. *Eaves*, 10 Rich. Eq., at page 586; *Bryce* v. *Bowers*, 11 Rich. Eq., at page 48–49); and plaintiffs are clearly entitled to the judgment demanded.

If the defendant desired any more particular statement of the breach of the condition of the mortgage than that found in the complaint, or if she desired a statement as to whether David E. Johnson died testate or intestate, or whether he left any other heirs or distributees besides the defendant, her remedy was by a motion to make the complaint more definite and certain, and not by such a demurrer as is here interposed, or perhaps by demurrer for defect of parties, if the defect appears on the face of the complaint, or if not by answer. We are entirely satisfied that there was no error on the part of the Circuit Judge in overruling the demurrer interposed in this case.

The judgment of this Court is, that the order appealed from be affirmed, with leave to defendant to file an answer within twenty days after written notice of the filing of this decision.